11-4915 (L)
Flat Rate Movers, LTD. v. NLRB

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand twelve.

PRESENT: DENNIS JACOBS,
                            <u>Chief Judge</u>,
            JOHN M. WALKER, Jr.,
                            <u>Circuit Judge</u>,
            SANDRA DAY O'CONNOR,
                            <u>Associate Justice (Retired)</u>.*

- - - - - - - - - - - - - - - - - - - - -X
FLAT RATE MOVERS, LTD.,
        <u>Petitioner/Cross-Respondent</u>,

        -v.-                                    11-4915 (Lead)
                                               11-5094 (XAP)

NATIONAL LABOR RELATIONS BOARD,
        <u>Respondent/Cross-Petitioner</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

* The Honorable Sandra Day O'Connor, Associate Justice (Retired) of the United States Supreme Court, sitting by designation.

1

**FOR APPELLANT:**   Ivan D. Smith, Lewis Brisbois Bisgaard & Smith LLP, New York, New York.

**FOR APPELLEES:**   Robert J. Englehart, National Labor Relations Board, Washington, D.C. (Jeffrey W. Burritt, Lafe E. Solomon, Celeste J. Mattina, John H. Ferguson, & Linda Dreeben, National Labor Relations Board, Washington D.C., <u>on the brief</u>)

Appeal from an order of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED** and the cross-petition for enforcement is **GRANTED.**

Flat Rate Movers, LTD. ("Flat Rate" or "the Company") seeks review of a decision and order of the National Labor Relations Board ("the Board") dated November 16, 2011, in which the Board upheld an Administrative Law Judge's ("ALJ") finding that Flat Rate had engaged in unfair labor practices in violation of Sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 158 <u>et seq</u>. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Board's findings of fact must be supported by substantial evidence on the record considered as a whole. 29 U.S.C. § 160(e). Evidence is substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 477 (1951). "Where competing inferences exist, we defer to the conclusions of the Board." <u>Abbey's Transp. Servs., Inc. v. NLRB</u>, 837 F.2d 575, 582 (2d Cir. 1988). We will reverse the Board's legal determinations only if they are arbitrary and capricious. <u>Cibao Meat Prods., Inc. v. NLRB</u>, 547 F.3d 336, 339 (2d Cir. 2008).

The charges at issue here stemmed from the discharge of forty employees in July 2009, shortly after Local 116 of the Retail, Wholesale and Department Store Union, UFCW ("the Union") began an organizing drive seeking to represent Flat Rate's movers. Following a multi-day hearing, the ALJ

2

concluded that Flat Rate had unlawfully interrogated its employees about their union sympathies; threatened pro-union employees with reprisals; discharged employees to discourage its workforce from engaging in union activities; and provided separation agreements containing unenforceable releases of liability that were signed by fifteen discharged employees.

Flat Rate argues that the Board did not establish knowledge of the employees' protected activity or animus towards such activity.  In particular, Flat Rate points to a June 8, 2009, meeting in which two of its owners allegedly discussed the need to initiate layoffs due to financial strains on the Company.  Flat Rate stresses that the ALJ incorrectly stated that the June 8 meeting occurred on June 28, which would have placed it four days *after* the Union organizing began and thus (according to the Company) falsely implied a causal link between the two events.  Flat Rate asserts that this error "permeates every remaining portion of the ALJ's analysis" and "taints his final determination."

But Flat Rate overstates the significance of the June 8 meeting.  The ALJ explained that the memorandum produced during that meeting "clearly shows that no final decision had yet been made" with respect to the layoffs.  This statement is consistent with the Company's intention to monitor June sales before rendering a decision.  As such, Flat Rate did not commit to layoffs on June 8, let alone specify *how many* workers would be discharged, or *which*.  These determinations occurred over several meetings in late June and early July, according to the uncontradicted testimony of Director of Human Resources Jasmine Rosado.  By that time, Flat Rate was well aware of the Union's activities.

The Company also challenges the ALJ's findings that managers threatened and interrogated employees before, during, and after their departure meetings in order to discourage union involvement.  The ALJ heard testimony from a number of employees and managers on these issues.  As the ALJ correctly observed, "[t]he issue here is essentially one of credibility."  We see no reason to overturn the ALJ's credibility determinations. See NLRB v. Am. Geri-Care, Inc., 697 F.2d 56, 60 (2d Cir. 1982) (explaining that such findings "will not be overturned unless they are hopelessly incredible or they flatly contradict either the law of

nature or undisputed documentary testimony") (internal quotation marks omitted).

As to the releases, the ALJ recited numerous reasons for not enforcing them, including: the inability of many employees to read English (especially legalese); the absence of legal counsel; the Company's failure to provide an adequate explanation of the document's significance; opposition by the Board's General Counsel; and "totally inadequate" consideration ranging from $150 to $400.  These facts easily satisfy the <u>Independent Stave</u> test for enforceability.  <u>See</u> <u>BP Amoco Chemical-Chocolate Bayou</u>, 351 N.L.R.B. 614, 615 (2007) (citing <u>Independent Stave Co.</u>, 287 N.L.R.B. 740, 743 (1987)).

Finding no merit in Flat Rate's remaining arguments, we hereby **DENY** the petition for review and **GRANT** the cross-petition for enforcement.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK